**Charles CARPENTER, Appellant,**

**v.**

**DISCOUNT MOTORS, INC., Respondent.**

**No. WD 33105.**

Missouri Court of Appeals,
Western District.

April 5, 1983.

Motion For Rehearing and/or Transfer to Supreme Court Denied May 31, 1983.

Ronald K. Barker, Arnold R. Day, Margolin & Kirwan, Kansas City, for appellant.

Ralph Pratt, Independence, for respondent.

Before WASSERSTROM, P.J., and TURNAGE and CLARK, JJ.

CLARK, Judge.

Charles Carpenter originated this action by a suit against Discount Motors, Inc. for fraudulent misrepresentations in the sale of a used automobile. After a jury trial, Carpenter had verdicts for $400.00 actual damages and $1,200.00 punitive damages. Discount then filed its notice of appeal and Carpenter filed a cross-appeal contending the trial court erred in refusing to award attorney fees in addition to the sums found by the jury. The appeal of Discount has been dismissed under Rule 84.08 for failure to comply with Rule 81.04. The case is therefore presented on Carpenter's cross-appeal alone. The court was not favored with any brief or argument by Discount as cross-respondent.

The abbreviated record, touching only the issue of attorney fees, relegates the court to the pleadings as the only source for facts from which the cause is claimed to have originated. As a further restriction on information from this source, the record contains no answer filed by Discount, apparently because the case was first filed before a magistrate as such courts were constituted before January 2, 1979. The ultimate trial was de novo in the circuit court, but Discount filed no answer there. From Carpenter's petition alone, therefore, it appears the case is one cognizable under Chapter 407 of the Revised Statutes concerning unlawful and fraudulent merchandising practices. The specific claim against Discount was that it extracted from Carpenter a "non-refundable" deposit for purchase of the motor car, but when Carpenter later appeared to claim his purchase, he was informed the automobile had been sold to someone else. By the jury verdict, it is assumed the evidence supported the allegations of the petition.

The record which is presented here shows that an agreement was made among the court and counsel concerning attorney fees before the case was submitted to the jury. In the words of the trial judge the agreement was:

" * * * that the issue of attorney's fees will not be submitted to the jury. * * * If the jury returns a verdict for punitive damages, then the matter is open for further evidence and for a determination by the Court of what might be appropriate attorney's fees. If the jury does not bring in a verdict including punitive damages, then the matter is ended."

As was noted previously, the jury did award punitive damages, and thereafter, the record was reopened to receive evidence as to attorney fees. The only evidence was on behalf of Carpenter. That evidence showed billings to Carpenter's account of 16¾ hours at $40.00, 56.15 hours at $55.00 and minimal expenses for a total sum of $3,775.20. Much of the time recorded was consumed in the first trial before the magistrate and the second trial of two days in the circuit court.

In passing on the question of attorney fees reserved by the pre-submission agreement, the court found a reasonable fee to be in the amount of $1,600.00. The source of this cross-appeal lies in the refusal by the trial judge to include attorney fees in the judgment which he entered. The sole basis for that action is in the following statement, again in the words of the trial judge, as follows:

"However, if (sic) view of the assessment of actual and punitive damages by the jury, the Court declines to include this amount in the final judgment to be rendered herein."

From the balance of this sparse record, it does appear that the trial judge regarded the jury award as "more than ample to compensate plaintiff under the circumstances." The cross-appeal contends the court

erred in failing to implement the parties' agreement that attorney fees would be awarded if the jury returned a verdict for punitive damages and in failing to apply the correct standard in determining the amount of attorney fees.

The statute, § 407.025.1, RSMo 1978, states in the applicable portion:

> "The court may, in its discretion, award punitive damages and may award the prevailing party attorney's fees, based on the amount of time reasonably expended, and may provide such equitable relief as it deems necessary or proper."

In a footnote to *Kawin v. Chrysler Corp.,* 636 S.W.2d 40, 45 (Mo. banc 1982), the court indicates that the award of attorney fees under this statute is discretionary with the trial court. The statute itself leaves little, if any, room to doubt that the ultimate decision as to whether any punitive damages or attorney fees will be granted is invested to the sound discretion of the court.

■ As the brief record quoted above indicates, the trial judge in this case determined that no attorney fees would be granted because he regarded the jury verdict for actual and punitive damages to be ample. Carpenter seems to contend that the agreement before submission bound the judge to award fees if the jury returned a verdict for punitive damages. While the parties themselves were entitled to agree on the subject, their understanding did not and could not oust the court from its duty to pass upon the award, not only as to attorney fees but as to punitive damages as well.

■ We have no ground to interfere with the discretionary action of the trial court except where the action complained of is arbitrarily arrived at or is so unreasonable as to indicate indifference and lack of proper judicial consideration. *Roberts v. McNary,* 636 S.W.2d 332, 338 (Mo. banc 1982). The record here demonstrates no such abuse. The conclusion to this effect renders unnecessary any consideration of the question of what amount of fees should have been allowed or the measure of a fee award.

A more fundamental defect in the case not briefed or mentioned mandates a denial of relief to cross-appellant. The subject suit was initiated, as previously noted, by a petition filed in the magistrate court in 1978. The petition expressly relied on Chapter 407 of the statutes as a basis for recovery of actual and punitive damages. Service of process on Discount Motors, Inc. was accomplished on December 12, 1978 with a trial and judgment concluded January 25, 1979. Thereafter, Carpenter sought and was granted a trial de novo in the circuit court.

■ Despite the fact that this appeal comes from the judgment rendered in the circuit court, the cause originated in the magistrate court as such courts existed prior to January 2, 1979. Under the law applicable to appeals from the former magistrate courts, the circuit court acquires only such jurisdiction as the magistrate possessed and, aside from matters of practice, the circuit court sits as a magistrate court for disposition of the case. *Bridge Development Company v. Vurro,* 519 S.W.2d 321, 325 (Mo.App.1975).

■ In *Foreman v. Discount Motors, Inc.,* 629 S.W.2d 635 (Mo.App.1982), this court held that actions brought under § 407.025, RSMo 1978 prior to January 2, 1979 when the amendment to Article V of the Missouri Constitution became effective, could not be maintained in the magistrate court because the applicable statute expressly required such suits to be brought in the circuit court. Here, as there, the circuit court acquired no jurisdiction over the cause because the magistrate court lacked jurisdiction initially. There having been a lack of jurisdiction over the subject matter, it necessarily follows that the trial court committed no error in failing to render a judgment for attorney fees.

There is no appeal before this court as to the judgment awarding actual and punitive damages to the cross-appellant and we therefore make no ruling on that aspect of the case.

For want of jurisdiction in the circuit court to entertain the cause, the appeal from the decision denying Carpenter an award of attorney fees is dismissed.

All concur.