Michael W. MOORE and Mary Moore,
Plaintiffs–Appellants,

v.

The CITY OF PARK HILLS, Missouri,
et al., Defendants–Respondents.

No. 71346.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 25, 1997.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 14, 1997.

Lindell P. Dunivan, Farmington, for appellants.

Mark H. Zoole, Weier, Hockensmith & Sherby, P.C., St. Louis, for respondents.

HOFF, Judge.

Michael W. and Mary Moore (the Moores) appeal from the trial court's denial of their request pursuant to 42 U.S.C. § 1988 (1994) for an award of attorney's fees. We reverse and remand.

In June 1994, the Moores filed this lawsuit in the Circuit Court of St. Francois County, Missouri, seeking relief[1] under 42 U.S.C.

1. In particular, the Moores sought $50,000 in compensatory damages; $250,000 in punitive damages from all defendants except The City of Park Hills, Missouri; preliminary and permanent

§ 1983 (1994)[2] for the alleged violation of their rights under the first and fourteenth amendments to the United States Constitution. Specifically, the Moores alleged that The City of Park Hills, Missouri (Park Hills), James Pope (Pope), a police officer for Park Hills, and another individual who was the mayor of Park Hills, improperly towed the Moores' trailer from the Moores' property without prior notice to the Moores. A jury rendered verdicts in favor of the Moores against Park Hills in the amount of $50,000 and against Pope in the amount of $25,000. The trial court entered judgment in accordance with those verdicts but subsequently granted judgment notwithstanding the verdicts in favor of Park Hills and Pope.

This Court reversed that judgment and remanded with directions to enter judgment for the Moores in accordance with the jury verdicts. *Moore,* 924 S.W.2d at 302, 305. The trial court subsequently entered judgment in accordance with this Court's mandate.

The trial court then denied the Moores' request for an award of attorney's fees pursuant to § 1988. That order is the subject of this appeal. By their request the Moores sought attorney's fees totalling $18,700, for services rendered by the Moores' attorney during the period January 31, 1994, through August 28, 1996. That total consists of 187 hours of services rendered by the Moores' attorney in proceedings before the trial court and this Court during the prior appeal[3] at the hourly rate of $100. In denying the request for attorney's fees, the trial court reasoned: "[t]he Court is of the opinion that the jury's verdict was very very liberal and actually close to a huge windfall, based on the evidence of actual damages in this case."

In their only point on appeal, the Moores contend the trial court abused its discretion in denying the request for attorney's fees. Specifically, the Moores urge the trial court did not properly apply the standard for an award of fees under § 1988 in favor of prevailing plaintiffs in a lawsuit pursued under § 1983.

 A trial court's decision whether to award fees under § 1988 and, if so, the amount of such fees will be reversed only for abuse of discretion. *Brewer v. Trimble,* 926 S.W.2d 686, 688 (Mo.App. S.D.1996). The trial court's discretion to deny an award of attorney's fees to prevailing parties under § 1988 is, however, narrow. *Hatfield v. Hayes,* 877 F.2d 717, 719 (8th Cir.1989).

Section 1988 provides

[i]n any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

42 U.S.C. § 1988(b)[4]. The United States Supreme Court has interpreted the discretion allowed by this statute to mean prevailing plaintiffs "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Blanchard v. Bergeron,* 489 U.S. 87, 89 n. 1, 109 S.Ct. 939, 942 n. 1, 103 L.Ed.2d 67 (1989) (internal quotation marks omitted), quoting *Newman v. Piggie Park Enters., Inc.,* 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968) (per curiam).

 Civil rights plaintiffs "prevail" for purposes of § 1988(b) "when actual relief on the merits of [their] claim materially alters the legal relationship between the parties by modifying the defendant[s'] behavior in a

---

injunctions enjoining further deprivation of the Moores' property and requiring the return of the Moores' property; reasonable attorney's fees; and costs.

Information regarding this lawsuit has been obtained in part from the file for *Moore v. City of Park Hills,* Appeal No. 68974 (Mo.App. E.D. filed Sept. 11, 1995). The decision in that appeal is published at *Moore v. City of Park Hills,* 924 S.W.2d 301 (Mo.App. E.D.1996).

2. Hereinafter all statutory references are to the 1994 version. Additionally, § 1983 will be used to refer to 42 U.S.C. § 1983 and § 1988 will be used to refer to 42 U.S.C. § 1988.

3. The services rendered during the prior appeal include conferences and correspondence with the Missouri Supreme Court.

4. Section 1988(b) will be used to refer to 42 U.S.C. § 1988(b).

way that directly benefits the plaintiff[s]." *Farrar v. Hobby*, 506 U.S. 103, 111–112, 113 S.Ct. 566, 573, 121 L.Ed.2d 494 (1992). Importantly, "[a] judgment for damages in any amount, whether compensatory or nominal, modifies the defendant[s'] behavior for the plaintiff[s'] benefit by forcing the defendant[s] to pay an amount of money [they] otherwise would not pay." *Id.* at 113, 113 S.Ct. at 574. Thus, plaintiffs prevail when they obtain against the defendants from whom fees are sought an enforceable monetary judgment on the merits of plaintiffs' § 1983 claims, even when the amount of damages awarded is nominal. *Id.* at 111–113, 113 S.Ct. at 572–574.

The Moores clearly are prevailing parties for purposes of an attorney's fee award under § 1988(b). In accordance with the jury verdict, the Moores obtained a monetary judgment of $75,000 in their favor and against Park Hills and Pope on their claims under § 1983. In light of their prevailing party status, the Moores should recover reasonable attorney's fees from Park Hills and Pope unless special circumstances render a fee award unjust. Here, the trial court's only reason for denying the request for attorney's fees was the extent of the Moores' success on their claim for damages.

In determining the amount of fees to award under § 1988(b), a trial court may consider the relationship between the extent of the prevailing plaintiffs' success and the amount of the attorney's fees. When nominal damages are awarded in favor of plaintiffs pursuing a claim under § 1983, the prevailing plaintiffs may receive no attorney's fees at all. *Farrar*, 506 U.S. at 115, 113 S.Ct. at 575. When, however, such plaintiffs obtain excellent results in the litigation, their "attorney should recover a fully compensatory fee." *Hensley v. Eckerhart*, 461 U.S. 424, 435, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40 (1983). It is the result of the litigation that is critical to an award of fees under § 1988(b). Neither the trial court's consideration of the merits of the claim,[5] nor the fact a large amount of damages may be awarded,[6] justifies the denial of fees under § 1988(b).

Here, the Moores' damages award is much more than nominal in amount. While they did not obtain injunctive relief or damages against all three of the named defendants, they obtained an award of substantial damages against each of two defendants. Under the circumstances, the trial court abused its discretion in denying an award of any attorney's fees under § 1988(b) and in basing the denial on the trial court's own assessment of the evidence of damages presented at trial in light of the amount of damages awarded as the result of trial. The Moores' attorney should recover a "fully compensatory fee."

This case is remanded to the trial court for a determination of the amount of such a fee to be paid by Pope and Park Hills in light of *Hensley, supra*, and its progeny. The trial court should award fees for services rendered by the Moores' counsel during trial and both appellate court proceedings, if requested and supported by evidentiary materials. Due to the trial court judge's previous attorney's fees ruling in this lawsuit, that judge is disqualified from presiding over this matter on remand.

The Moores also filed in this Court a motion for attorney's fees seeking an award of $19,100. That amount appears to encompass a majority of the $18,700 in attorney's fees the Moores unsuccessfully sought from the trial court. In light of this Court's disposition of this appeal, the motion for attorney's fees is denied without prejudice.

The trial court's order denying the Moores' request for attorney's fees is reversed and the cause is remanded to the trial court for further proceedings consistent with this opinion.

CRAHAN, P.J., and GRIMM, J., concur.

---

5. *Bialk v. Milwaukee County*, 180 Wis.2d 374, 380, 509 N.W.2d 334, 337 (Wis.App.1993).

6. *Herrington v. County of Sonoma*, 883 F.2d 739, 745 (9th Cir.1989).