Alfred E. LIPPMAN,
Plaintiff/Appellant,

v.

BRIDGECREST ESTATES I UNIT
OWNERS ASSOCIATION, INC.,
Defendants/Respondents.

No. ED 75678.

Missouri Court of Appeals,
Eastern District,
Division Five.

Oct. 12, 1999.

Sanford J. Boxerman, St. Louis, for appellant.

Martin L. Daesch, St. Louis, for respondent.

LAWRENCE G. CRAHAN, Judge.

Alfred Lippman ("Landlord") appeals the judgment denying his motion for an award of attorney's fees as a prevailing party in an action to enforce the Fair Housing Act 42 U.S.C. section 3601 *et seq.* We reverse and remand with directions.

The underlying facts are set forth in detail in *Lippman v. Bridgecrest Estates I Unit Owners Assn., Inc.*, 991 S.W.2d 145 (Mo.App.1998) ("*Lippman I*"). In that case we held that the Bridgecrest Estates I Unit Owners Association, Inc. ("Association") violated the Fair Housing Act by exercising its right of first refusal to purchase a condominium unit sought by Landlord in order to prevent him from renting the unit to anyone under a certain age. *Id.* at 151–52. Twenty-nine days after we issued our mandate in *Lippman I*, Landlord filed a motion to recover his attorney's fees pursuant to 42 U.S.C. section 3613(c). The trial court denied the request and this appeal followed.

■ Pursuant to section 42 U.S.C. section 3613(c)(2), in a civil action under 42 U.S.C. section 3613(a), "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee and costs." Although the award of attorney's fees is reviewable only for an abuse of discretion, the court's discretion not to award any attorney's fees in civil rights cases, including those under the Fair Housing Act, is narrowly construed. *New Jersey Coalition of Rooming and Boarding House Owners v. Mayor and*

*Council of City of Asbury Park,* 152 F.3d 217, 226 (3 rd Cir.1998); *Moore v. City of Park Hills,* 945 S.W.2d 1, 2 (Mo.App.1997).

■ A "prevailing party" is defined in 42 U.S.C. section 3602(*o*) as having the "same meaning as such term has in section 1988 of this title." Association urges that this means Landlord had to have initiated an action pursuant to 42 U.S.C. sections 1981–86 to be a prevailing party. Such a construction would render 42 U.S.C. section 3613(c)(2) meaningless and has been squarely rejected by the federal courts. *Oxford House–A v. City of University City,* 87 F.3d 1022, 1024 (8 th Cir.1996). We likewise reject Association's strained construction.

The Supreme Court has defined a prevailing party as one that succeeds "on any significant issue in the litigation which achieved some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). This court has likewise observed that a party prevails under the general civil rights statute "when actual relief on the merits of [the] claim materially alters the legal relationship between the parties by modifying the defendants' behavior in a way that directly benefits the plaintiffs." *Moore,* 945 S.W.2d at 2–3 (citing *Farrar v. Hobby,* 506 U.S. 103, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992)).

■ In the underlying suit, Landlord consistently claimed that Association's attempt to exercise its right of first refusal to preserve its age restrictions violated the Fair Housing Act. In *Lippman I,* we sustained that contention. *Lippman I,* 991 S.W.2d at 152. Thus, Landlord succeeded on a significant issue in the litigation and was able to take title to the condominium notwithstanding Association's right of first refusal, a benefit he sought in bringing the suit. Moreover, our opinion in *Lippman I* altered the legal relationship between the parties by reversing the trial court's order that Landlord convey the property to Association. *Id.* at 154. Landlord was therefore a prevailing party under the criteria set forth in *Hensley* and *Moore.*

■ If a court determines a plaintiff has prevailed it should award attorney's fees "unless special circumstances would render such an award unjust." *ARC of New Jersey, Inc. v. Township of Voorhees,* 986 F.Supp. 261, 266 (D.N.J.1997). This exception is "extremely narrow" and applied "only in unusual circumstances and then only upon a strong showing by the party asserting it." *Id.* A showing of "outrageous" or "inexcusable conduct by plaintiffs (or plaintiffs' counsel) during the litigation of the case" has been held sufficient to warrant a finding of "special circumstances." *Williams v. Hanover Housing Authority,* 113 F.3d 1294, 1301 (1 st Cir. 1997).

■ Association makes no claim that such conduct exists in this case and the trial court made no finding of special circumstances in its one sentence judgment. Association urges, however, that the trial court may properly have found special circumstances exist because Landlord made no claim that Association had discriminated *against him.* Thus, Association reasons, Landlord only asserted its violation of the act to advance his own economic interests and he may properly be denied his attorney's fees because he is "not the type of 'prevailing party' to which Congress contemplated the award of attorney's fees." Nothing in the Act or any of the cases cited by Association suggests that the plaintiff's motivation in bringing a Fair Housing Act claim is relevant in determining whether to award attorney's fees. So long as the plaintiff has standing and proves a violation, the benefit of achieving enforcement of the Act through the actions of private individuals has been achieved. Association does not challenge Landlord's standing, which clearly exists. *See Malone v. City of Fenton,* 592 F.Supp. 1135–55 (E.D.Mo.1984). Landlord's proof of Association's violation as established by *Lippman I* prevented Association from discriminating against others in violation

of the Act. We find no special circumstances which would support a denial of fees.

Finally, Association claims Landlord's motion for attorney's fees was filed out of time. In *White v. New Hampshire Dept. of Empl. Sec.*, 455, U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), the United States Supreme Court considered whether a motion for attorney's fees pursuant to section 1988 was timely filed. The Court stated that a district court should use its discretion to determine whether a motion was timely and that fees should be denied "in cases in which a postjudgment motion unfairly surprises or prejudices the affected party." *Id.* at 454, 102 S.Ct. 1162. The Court also encouraged district courts to adopt local rules "establishing timeliness standards for the filing of claims for attorney's fees." *Id.*

■ Association made no claim in the trial court that the timing of Landlord's motion unfairly surprised or prejudiced Association. Association urged, however, that Landlord's motion was untimely under the local rules of the United States District Court for the Eastern District of Missouri, which require that a motion for fees be filed within twenty days after entry of final judgment. However, state rules, not federal rules, govern the time frame for filing of claims for attorney's fees when these claims are prosecuted in state courts. *Alfonso v. Fernandez*, 167 Misc.2d 793, 635 N.Y.S.2d 932, 936 (Sup.1995). *See also Sanders v. National R.R. Passenger Corp.*, 930 S.W.2d 36, 39 (Mo.App.1996)(state procedural rules apply to federal claims prosecuted in state court). In this instance, there is no Missouri Rule of Civil Procedure or local court rule requiring the filing of a request for fees within a stated period after judgment. In the absence of a local court rule establishing a shorter time, filings within thirty days after entry of final judgment have been held timely under *White. See Perry v. O'Donnell*, 759 F.2d 702, 704 (9th Cir.1985); *Masalosalo by Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 957 (9 th Cir.1983); *Allegheny County*

*Jail v. Pierce*, 716 F.2d 177, 179 (3rd Cir. 1983). Here, the motion was filed twenty-nine days after the issuance of our mandate in *Lippman I*. Particularly in the absence of any claim of surprise or prejudice by Association, we hold that if timeliness was the basis for the trial court's ruling, it was an abuse of discretion.

For the foregoing reasons, we reverse the judgment of the trial court and remand with directions to award Landlord a reasonable attorney's fee. The fee awarded shall be sufficient to reasonably compensate Landlord for attorney's fees incurred in prosecuting the initial action, the appeal in *Lippman I*, the initial request for fees, this appeal, and the proceedings on remand. Because Association has not challenged the reasonableness or necessity of the fees claimed to date, and in view of the lengthy appellate history of this case, in the event the trial court in its discretion awards less than the amount of fees requested, the trial court is further directed to file a written judgment stating with particularity its reasons for disallowing the fees requested. The costs of this appeal are assessed against Association.

RHODES RUSSELL, C.J., Concurs.

CHARLES B. BLACKMAR, Sr. J., Concurs.