# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 98-4005/4210

_____

| | | |
|---|---|---|
| Vicki Grabinski, | * | |
| | * | |
| Appellant/Cross-Appellee, | * | |
| | * | |
| v. | * | Appeals from the United States |
| | * | District Court for the Western |
| Blue Springs Ford Sales, Inc.; | * | District of Missouri. |
| Blue Springs Ford Wholesale Outlet, | * | |
| Inc.; and Don Isom, Fred Graham, | * | |
| and Bob Dudley, | * | |
| | * | |
| Appellees/Cross-Appellants. | * | |

_____

Submitted:  January 10, 2000

Filed:  February 16, 2000

_____

Before WOLLMAN, Chief Judge, and MORRIS SHEPPARD ARNOLD and
MURPHY, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Vicki Grabinski sued the defendants, claiming that they violated the Missouri
Merchandising Practices Act, *see* Mo. Ann. Stat. §§ 407.010-407.025, § 407.120, and
acted fraudulently when they sold her an automobile that had been damaged in a
collision (the three individual defendants are employees of the retailer, which, despite
the inclusion of "wholesale" in its name, is the entity that sold the car to Ms. Grabinski;

the actual wholesaler, which sold the car to the retailer, merely uses "sales" in its name). This case was before us previously, *see Grabinski v. Blue Springs Ford Sales, Inc.*, 136 F.3d 565, 569-70 (8th Cir. 1998), and we held, *inter alia*, that the defendants made factual misrepresentations to Ms. Grabinski and that the amount of actual damages that the jury awarded was supported by the evidence. We directed the trial court, however, to review the punitive damage awards for excessiveness. *Id.* at 571-72. The defendants now appeal, arguing that the punitive damages awards were constitutionally excessive. Ms. Grabinski appeals the trial court's denial of her motion for attorney's fees. We affirm the judgment as to the punitive damages awards, but reverse and remand as to the attorney's fees.

I.

We turn first to the defendants' assertion that the punitive damages awards were unconstitutionally excessive. In *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 575 (1996), the Supreme Court held that whether a punitive damages award is so "grossly excessive" as to violate federal due process rights depends on the proportional disparity (expressed as a ratio) between the punitive damages and the compensatory damages awarded, the civil or criminal penalties that may be imposed in "comparable" cases, and the "degree of reprehensibility" of the defendant's conduct. Although the defendants in our case argue that their net worth is also a relevant consideration, we held previously that the defendants had waived this argument. *See Grabinski*, 136 F.3d at 570.

The jury in this case awarded Ms. Grabinski actual damages in the amount of $5,300 against the retailer and its three employees jointly and severally for concealing the wreck damage. It also awarded her actual damages in the amount of $2,535 against all of the defendants jointly and severally for other concealed defects. Finally, the jury recommended, and the trial court awarded, punitive damages in the amount of $100,000 against the retailer, $50,000 against the wholesaler, and $30,000 against Don Isom, $20,000 against Bob Dudley, and $10,000 against Fred Graham (these last three being the employees).

Calculating the relevant ratios in cases where the defendants are jointly and severally liable is a matter of some difficulty, because it is not always possible to determine what each defendant will ultimately pay in compensatory damages. Ms. Grabinski urges us to divide each individual punitive damages award by the entire actual damages award. This method assumes an impossibility, however, because it posits that each defendant will ultimately pay the full compensatory damages award.

We believe, instead, that the more appropriate way of calculating the ratios is to divide the individual punitive damages awards by the individual *pro rata* shares of the actual damages. Our method is preferable, we think, because the constitutionality of a punitive damages award against a particular defendant depends partly on the amount of actual damages payable by that defendant. The individual ratios so calculated are approximately 99:1 for the wholesaler, 55:1 for the retailer, 16:1 for Mr. Isom, 11:1 for Mr. Dudley, and 5:1 for Mr. Graham. The ratio of the collective punitive damages to the collective actual damages is approximately 27:1. While these ratios are somewhat high, *Gore* emphasizes that such ratios are not dispositive but merely instructive. *See generally United States v. Big D Enterprises, Inc.*, 184 F.3d 924, 933 (8th Cir. 1999), *petition for cert. filed*, No. 99-1010 (U.S. Dec. 3, 1999).

The second *Gore* consideration involves a comparison of the punitive damages award and the civil or criminal penalties that may be imposed for comparable misconduct, because "a reviewing court engaged in determining whether an award of punitive damages is excessive should 'accord "substantial deference" to legislative judgments concerning appropriate sanctions for the conduct at issue.' " *Gore*, 517 U.S. at 583, quoting *Browning-Ferris Industries v. Kelco Disposal, Inc.*, 492 U.S. 257, 282, 301 (1989) (opinion of O'Connor, J., concurring and dissenting), itself quoting *Solem v. Helm*, 463 U.S. 277, 290 (1983). We note that the Missouri legislature has authorized significant civil and criminal sanctions for cases of fraud and concealment that are roughly comparable to the statutory violations at issue here. *See* Mo. Ann. Stat. § 407.100.6, authorizing a civil penalty of up to $1,000 for each violation, and

-3-

Mo. Ann. Stat. § 407.020.3, providing that a person who, "with the intent to defraud," "willfully and knowingly engages" in any violation of the Missouri Merchandising Practices Act is guilty of a felony punishable by up to five years in prison and a fine of up to $5,000; for the various statutes authorizing these specific punishments, *see* Mo. Ann. Stat. § 557.011.2(1), § 557.011.2(2), § 557.016.1(4), § 558.011.1(4), § 560.011.1(1). In addition, *see* Mo. Ann. Stat. § 301.562.1, § 301.562.2(3), § 301.562.2(5), giving the Missouri department of motor vehicles the authority to refuse the issuance or the renewal of a motor vehicle dealer's license to anyone who has been convicted of fraud or who has obtained money by fraud, deception, or misrepresentation. These legislative judgments weigh heavily in favor of an award of punitive damages.

Of the three considerations that *Gore* identifies as relevant to determining the constitutionality of awards of punitive damages, the reprehensibility of the defendant's conduct is generally given the greatest emphasis. *See Gore*, 517 U.S. at 575; *see also Big D Enterprises*, 184 F.3d at 933. The jury found in our case that the retailer and its three employees defrauded Ms. Grabinski by concealing prior wreck damage, and that all of the defendants concealed other defects from her. For an award of punitive damages, moreover, the instructions required the jury to determine that the defendants' conduct was "outrageous because of evil motive or reckless indifference to the rights of others." We conclude that the defendants' conduct was egregious and that it demonstrated a clear and disturbing disregard for Ms. Grabinski's safety and her economic interests.

The trial court, after a careful application of the principles outlined in *Gore*, ruled that "while the punitive damages award was 'generous' as to the various defendants, it was far from 'grossly excessive' as to any of them." We think, for the reasons indicated, that there is ample support in the record for this finding and therefore affirm the trial court on this issue.

II.

We turn now to Ms. Grabinski's claim that the trial court erred when it refused to grant her request for roughly $125,000 in attorney's fees. In a diversity case such as this, absent a conflict with a federal statute or court rule, we apply state law concerning the availability of attorney's fees. *See generally Lamb Engineering and Construction Co. v. Nebraska Public Power District*, 103 F.3d 1422, 1434 (8th Cir. 1997). The applicable state statute in this case, *see* Mo. Ann. Stat. § 407.025.1, provides that a trial court "*may* award to the prevailing party attorney's fees, based on the amount of time reasonably expended" (emphasis supplied). Although the statutory provision contains discretionary language, Ms. Grabinski argues that the Missouri Supreme Court has limited the trial court's ability to refuse fees under this section. We agree.

The defendants maintain that *Carpenter v. Discount Motors, Inc.,* 652 S.W.2d 716 (Mo. Ct. App. 1983), provides the appropriate guidance here. The discussion of attorney's fees in that case, however, *id.* at 717-18, was part of a cursory alternative holding that approached *dictum*, and the appellate court's main ruling was that the trial court lacked subject-matter jurisdiction, *id.* at 718. We find, moreover, that the more recent Missouri Supreme Court decision in *O'Brien v. B.L.C. Insurance Co.*, 768 S.W.2d 64 (Mo. 1989) (*en banc*), is controlling on the issue of when attorney's fees should be awarded under Mo. Ann. Stat. § 407.025.1.

Although *O'Brien* involved the attorney's fees provision of a different statute from the one applicable here, namely, Mo. Ann. Stat. § 407.545.1 (West 1979, repealed 1989), we nevertheless think that *O'Brien* is apposite authority. The relevant statute in *O'Brien* provided that "[a]ny person who, with intent to defraud, violates any of the provisions of [certain statutes] *shall be liable* ... in the case of any successful action to enforce the liability ... [for] reasonable attorney fees" (emphasis supplied). That statute, as the trial court in our case pointed out, appeared to mandate attorney's fees in successful actions. But the *O'Brien* court never alluded to that fact in deciding the case; instead, it relied on certain United States Supreme Court cases interpreting

42 U.S.C. § 1988(b) in deciding whether and under what circumstances an award of attorney's fees is appropriate. *See O'Brien*, 768 S.W.2d at 71.

We think that it is important to note that the wording of 42 U.S.C. § 1988(b) is identical in every material respect to that of Mo. Ann. Stat. § 407.025.1, the statute applicable in our case: The federal statute provides that "the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee," and the Missouri statute provides that "[t]he court ... may award to the prevailing party attorney's fees, based on the amount of time reasonably expended." Since the Missouri Supreme Court in *O'Brien* used federal cases to determine when fees are due under a state statute that evidently mandated an award of fees, we think that there is even more reason to expect that it would use such cases when deciding an attorney's fees award under a statute with discretionary language virtually identical to that contained in § 1988(b). We therefore conclude that cases involving § 1988(b) provide the appropriate guidance in § 407.025.1 attorney's fees cases.

We also conclude that the trial court abused its discretion when it denied Ms. Grabinski attorney's fees simply because it felt that the punitive damages award was "generous" and because it did not want to " 'pad' the punitive damage award with a fee award in this case." The Supreme Court has emphasized that the results that a plaintiff achieves are a critical consideration in deciding whether to award attorney's fees. *See*, *e.g.*, *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983), a case that the Missouri Supreme Court relied on in *O'Brien*, 768 S.W.2d at 71. Ms. Grabinski enjoyed very significant success in this litigation. Awarding attorney's fees to successful plaintiffs is indeed the rule rather than the exception. *See generally Moore v. City of Park Hills*, 945 S.W.2d 1, 2 (Mo. Ct. App. 1997); *see also Blanchard v. Bergeron*, 489 U.S. 87, 89 n.2 (1989), a case relied on in *O'Brien*, 768 S.W.2d at 71. Denying fees because Ms. Grabinski received "generous" punitive damages stands the matter entirely on its head because it punishes her for her success, the very thing that is supposed to be rewarded.

## III.

For the reasons indicated, we affirm the trial court's punitive damages award and reverse the trial court's denial of Ms. Grabinski's motion for attorney's fees. We remand the case to the trial court with directions to award Ms. Grabinski a "fully compensatory fee," *Hensley*, 461 U.S. at 435. We also award Ms. Grabinski the costs of this appeal and the attorney's fees occasioned on account of this appeal. Her bill of costs and request for attorney's fees, with proper documentation, should be filed with the clerk of court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.