**STATE of Missouri, ex rel. Jeremiah W. (Jay) NIXON, Attorney General, Appellant,**

v.

**CONTINENTAL VENTURES INC., d/b/a Universal Consulting Service, et al., Defendant;**

**Bernard Brown, Respondent Pro Se.**

**No. WD 59716.**

Missouri Court of Appeals, Western District.

Aug. 6, 2002.

Rehearing Denied Oct. 1, 2002.

Jeremiah (Jay) Nixon, Atty. Gen., Jefferson City, Judith S. Popper, Asst. Atty. Gen., Kansas City, for appellant.

Bernard Brown, Maitland, FL, Respondent Pro Se.

Before HARDWICK, P.J., ULRICH, J., and HANNA, S.J.

ROBERT G. ULRICH, Judge.

The State appeals the portion of the judgment of the trial court for the State that denied requested restitution in a suit brought by the Attorney General against Bernard Brown and others for breach of the Missouri Merchandising Practices Act, Chapter 407 RSMo ("MMPA"). In its single point on appeal, the State argues that the trial court abused its discretion in refusing to compel Bernard Brown to make restitution to two consumers who the court specifically found suffered ascertainable monetary loss in the sum of $22,650 as a result of Bernard Brown's unlawful practices in violation of section 407.100.4, RSMo 2000.[1] The judgment of the trial court is affirmed.

### Facts

On March 12, 1999, the State filed suit against Bernard Brown; Continental Ventures, Inc. d/b/a Universal Consulting Services ("UCS"); Alton O. Hauswirth; and Ken Kruta alleging their use of unlawful merchandising practices in the sale of "invention development services" to Missouri consumers. UCS purported to analyze and evaluate consumers' invention ideas and then assist the consumers with the process of patenting and marketing their ideas. Bernard Brown, UCS's Corporate Vice–President of Development and Marketing, was accused of directing the use of misrepresentations of material fact and the withholding of material facts in sales presentations to consumers. All the defendants, except Mr. Brown, signed a "Consent Injunction and Final Judgment."

The case against Mr. Brown proceeded to trial.

The trial court's judgment against Mr. Brown, following trial, enjoined Mr. Brown from further actionable misconduct and awarded the State $15,000 in prosecution costs and $2,000 in penalties. The trial court did not, however, award restitution to two Missouri consumers who the court specifically found experienced financial loss in the amount of $22,650 as a result of Mr. Brown's unlawful practices that contravened Chapter 407 RSMo. The State moved to amend the judgment to include an award of restitution for the two Missouri consumers, but the circuit court denied the motion, and the original judgment became final. The State filed this appeal.

### I. Standard of Review

■ This is a court-tried case. The standard of review in non-jury cases is stated in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The judgment will be sustained on appeal unless no substantial evidence supports it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.*

■ Neither the State, Appellant, nor the Respondent, Mr. Brown, contest the judgment against Mr. Brown except that the State appeals the absence of the court's order of restitution for $22,650 to two Missouri consumers who lost that sum as a result of Mr. Brown's unlawful merchandising practices. Thus, the issue presented is whether the trial court abused its discretion in not awarding restitution as provided by section 407.100.4. "Judicial discretion is abused when the trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of

---

1. All statutory references are to RSMo 2000 unless otherwise indicated.

careful consideration." *Giddens v. Kansas City S. Ry. Co.,* 29 S.W.3d 813, 819 (Mo. banc 2000), *cert. denied,* 532 U.S. 990, 121 S.Ct. 1644, 149 L.Ed.2d 502 (2001)(quoting *Anglim v. Mo. Pac. R.R.* Co., 832 S.W.2d 298, 303 (Mo. banc 1992), *cert. denied,* 506 U.S. 1041, 113 S.Ct. 831, 121 L.Ed.2d 701 (1992)). Are the weight of the evidence and the requirements of the applicable law so compelling that the failure of the trial court to award restitution constitutes an abuse of discretion?

## II. Restitution Provision Within

### Section 407.100.4

■ Enacted in 1967, Missouri's Merchandising Practices Act, Chapter 407 RSMo, is intended to supplement the provisions of a common law action in fraud. *State ex rel. Danforth v. Independence Dodge, Inc.,* 494 S.W.2d 362, 368 (Mo.App. W.D.1973); *State ex rel. Ashcroft v. Mktg. Unlimited of Am., Inc.,* 613 S.W.2d 440, 445 (Mo.App. E.D.1981). Chapter 407 is designed to protect Missouri consumers from fraudulent business practices. *State ex rel. Nixon v. Telco Directory Publ'g.,* 863 S.W.2d 596, 601 (Mo. banc 1993). The fundamental purpose of the MMPA is the "protection of consumers." *State v. Polley,* 2 S.W.3d 887, 892 (Mo.App. W.D.1999). The General Assembly provided several tools within the statute with which the judicial system may address the prohibited conduct and thereby aid and protect consumers from illegal practices and deter future prohibited misconduct. These tools include injunctive relief, payment to the State for the cost of prosecution, penalties, and restitution to injured consumers. From the MMPA's inception, Missouri courts have emphasized that Chapter 407, and particularly the remedy of restitution contained in section 407.100, should be liberally construed to protect consumers.

*See e.g. State ex rel. Webster v. Myers,* 779 S.W.2d 286, 290 (Mo.App. W.D.1989).

■ For the trial court to award restitution under section 407.100.4, the court must have subject matter jurisdiction. *State ex rel. Nixon v. Am. Tobacco Co.,* 34 S.W.3d 122, 130 (Mo. banc 2000). Either the defendant must have admitted a violation of the Missouri Merchandising Practices Act or the court must have found the defendant to have violated the Act before the court can consider whether restitution under the statute is appropriate. *Id.*

In this case, the court found that the defendant violated the Merchandising Practices Act. The State proffered the testimony of two Missouri consumers from which the trial court was able to conclude, "two Missouri consumers were harmed by the use of [d]efendant Brown's unlawful merchandising practices ... [in the amount] of $22,650." As a result, the trial court granted injunctive relief and awarded the State $15,000 in prosecution costs and $2,000 in penalties as permitted by the statute. The court, however, did not award the two consumers restitution as permitted by section 407.100.4.

Section 407.100.4 states in part:

The court, in its discretion, may enter an order of restitution, payable to the state, as may be necessary to restore to any person who has suffered any ascertainable loss, including, but not limited to, any moneys or property, real or personal, which may have been acquired by means of any method ... declared to be unlawful by this chapter. It shall be the duty of the attorney general to distribute such funds to those persons injured.

Thus, section 407.100.4 grants the trial court discretion to award restitution for "ascertainable loss" experienced by a consumer as a result "of any method" "declared to be unlawful" by Chapter 407.

## III. Discretionary Restitution Under Merchandising Practices Statutes When Consumer Is Harmed

No Missouri cases have decided whether the declination of a trial court to award restitution under section 407.100.4, where the court has specifically determined that a consumer injured by conduct contravening the statute, constitutes an abuse of the trial court's discretion. Missouri's courts have, however, recognized the General Assembly's intent for a broad application of restitution where consumers have suffered loss by the illegal practices contemplated by the Missouri Merchandising Practices Act. In *State v. Polley*, 2 S.W.3d 887 (Mo. App. W.D.1999), this court declared that the broad language of section 407.100.4 that " 'any person who has suffered any ascertainable loss' contemplates that other parties, besides the direct purchaser or contracting party, who suffer damages resulting from the violator's prohibited conduct under the Act are included among those eligible to receive restitution" expresses the General Assembly's intent that the Act include as persons qualified to receive restitution those persons who are injured by the miscreant's conduct even though they did not deal directly with the offender. *Id.* at 892.

Courts in other jurisdictions that have statutes similar to Missouri's Merchandising Practices Act have considered whether the denial of discretionary restitution can constitute an abuse of discretion. In *Motzer Dodge Jeep Eagle, Inc. v. Ohio Attorney Gen.*, 95 Ohio App.3d 183, 642 N.E.2d 20 (1994), the court stated that "restitution is not an automatic or mandatory remedy for violations" of the Ohio Consumers Sales Practice Act R.C. 1345.01 et. seq. *Id.* at 26. Recognizing that the award of restitution under the statute is discretionary, the court determined the trial court abused its discretion when it failed to award restitution to customers of the motor vehicle dealership that extracted a $95 delivery and handling fee from all customers who purchased new or used cars from the dealership. *Id.* The Ohio statute utilized by the Attorney General, Ohio Comm. Code § 1345.07(B), provided that "the court may make appropriate orders . . . to reimburse consumers found to have been damaged." The court said, "only by ordering restitution" is a strong consumer protection program provided "which safeguards public interest and the well-being of consumers." *Id.* The court emphasized that "the trial court's decision to award restitutionary relief should be exercised with a view toward the purposes of the act." *Id.*

In *State v. Cottman Transmissions Systems, Inc.*, 86 Md.App. 714, 587 A.2d 1190 (1991), *cert denied*, 324 Md. 121, 596 A.2d 627 (1991), the trial court had found that the sale of unnecessary transmission inspections by defendant's franchisees violated the consumer protection statute and that the defendant franchisor had participated in the illegal conduct by directing the franchisees' deceptive sales practices. *Id.* at 1192–93. The appellate court reversed the trial court's decision not to award restitution, holding that the defendant had violated the Maryland consumer protection statute and that the defendant should pay for the losses incurred by the illegal conduct. *Id.* at 1201. The court stated that the trial court's declination to hold that money spent by consumers as a result of franchisees' deception was an abuse of discretion. The court said that failure to award restitution would render "the restitution procedure meaningless in every case where something is provided, through deceptive practices, to those deceived." *Id.* The Maryland statute, like Missouri's statute, made restitution discretionary, stating that in a consumer protection case, the trial court "may enter any

order of judgment necessary to ... [r]estore to a person any money ... acquired from him by means of any prohibited practice." Md. Com. Law Code § 13–406(c).

In *State ex rel. Kidwell v. Master Distributors, Inc.*, 101 Idaho 447, 615 P.2d 116 (1980), the defendants engaged in misleading solicitations in contravention of the Idaho's Consumer Protection Act, intended to protect consumers. The defendants sold water softener units. *Id.* at 119. Although the trial court granted injunctive relief, it declined to grant the state's request for restitution to the consumers. The Idaho Supreme Court declared that, although restitution is not an automatic or mandatory remedy for violations of the statute, the trial court's discretion to award restitutionary relief should be exercised with a view toward the purposes of the act. "The [statute] indicates the legislative intent to deter deceptive or unfair trade practices and to provide relief for consumers exposed to proscribed practices." *Id.* at 124. The court, quoting other cases (citations omitted), said, "We do not deter indulgence in fraudulent practices if we permit wrongdoers to retain the considerable benefits of their unlawful conduct." *Id.* at 125. The court concluded the trial court's decision not to grant restitution inconsistent "with the intent and goals expressed in the Idaho Consumer Protection Act," which granted the trial court discretion to award restitution. *Id.* at 123. Idaho Code § 48–607.

Other cases have considered whether the trial court's declination to exercise other remedies provided by sections 407.100 or 407.025, authorizing direct suit by consumers for recovery of losses against those who breach the Missouri Merchandising Practices Act, constitutes an abuse of discretion. In *Grabinski v. Blue Springs Ford Sales, Inc.*, 203 F.3d 1024 (8th Cir. 2000), *cert. denied*, 531 U.S. 825, 121 S.Ct. 70, 148 L.Ed.2d 35 (2000), a consumer sued a car dealership, and others, for the fraudulent sale of an automobile that had, unknown to the consumer, been damaged in a collision. The case had previously been appealed from the district court, Western District of Missouri, and the United States Court of Appeals, Eighth Circuit, had held that the defendants had factually misrepresented the vehicle sold to the plaintiff and that the amount of damages awarded by the jury in the district court were supported by the evidence. *Grabinski v. Blue Springs Ford Sales, Inc.*, 136 F.3d 565, 569–70 (8th Cir.1998). The appellate court directed the trial court on remand to review the punitive damage award for excessiveness. Both defendants and plaintiff appealed following remand and the trial court's review of the punitive damage award. Defendants claimed the punitive damage award was excessive. The jury awarded the plaintiff actual damages in the amount of $5,300 against some of the defendants, $2,535 against all the defendants for several concealed defects to the vehicle, and punitive damages against all defendants in different sums totaling $210,000. The appellate court found the punitive damages awards generous but not " 'grossly excessive' as to any of them." *Grabinski*, 203 F.3d at 1027. The trial court had denied the plaintiff's request for $125,000 as attorney fees, authorized by the Missouri statute, and plaintiffs appealed this decision. The Eighth Circuit considered whether the denial of attorney fees constituted abuse of discretion and sought guidance in the Missouri Supreme Court's evaluation of the same issue in *O'Brien v. B.L.C. Ins. Co.*, 768 S.W.2d 64 (Mo. banc 1989). *Grabinski*, 203 F.3d at 1027. The court noted that the Missouri Supreme Court relied on United States Supreme Court cases that interpreted 42 U.S.C. § 1988(b) in determining whether under the circumstances in *O'Brien* an award of

attorney's fees was appropriate. *Id.* The court then noted that "42 U.S.C. § 1988(b) is identical in every material respect to that of Mo.Ann. Stat. § 407.025.1, the statute applicable in [*Grabinski*]." *Id.* The court concluded that the trial court's failure to award attorney fees under section 407.025.1 was an abuse of discretion "when it denied [plaintiff] attorney's fees simply because it felt that the punitive damages award was 'generous' and because it did not want to 'pad' the punitive damages award with a fee award...." *Id.* at 1028. The court added, "Awarding attorney's fees to successful plaintiffs is indeed the rule rather than the exception." *Id.* (citing *Moore v. City of Park Hills,* 945 S.W.2d 1, 2 (Mo.App. E.D.1997)). The court remanded the case to the trial court to award attorney fees. *Id.*

### IV. Awarding Restitution Under Section 407.100.4

■ A purpose of section 407.100 is to discourage unlawful practices. The injunctive relief provided for in section 407.100 is remedial, not punitive, and the statute should be given liberal construction. *Mktg. Unlimited of Am.,* 613 S.W.2d at 445. The same public policy of discouraging the fraudulent activities encompassed by section 407.100, which engenders the liberal granting of injunctive relief when the appropriate findings are made, also stimulates the liberal granting of restitution to make whole the victims of the proscribed conduct and to discourage the proscribed conduct.

■ The General Assembly, by making provision that the Attorney General can seek restitution for injured consumers, intended to provide an additional deterrence and to facilitate an additional and potentially more efficient and less costly mechanism of recovery to the consumer who sustained injury because of the defendant's

unlawful practices. Although the wronged consumer has a remedy under section 407.025, the provision for restitution in section 407.100 may provide a less tedious, less expensive, and potentially more expeditious mechanism for injured consumers to be made whole in the same judicial proceeding initiated by the state in furtherance of its legislative duty to attempt to protect consumers from deceptive and fraudulent practices. Providing an injured consumer restitution in the state's legal action as authorized in section 407.100 may more effectively deter proscribed illegal conduct. Just as the facts of each case are considered when determining whether fair dealing has been violated, *Id.* at 446, so must the facts of the case be considered when determining whether restitution will be awarded after the court finds that the defendant has engaged in deceptive practices in contravention of the statute that have injured consumers. Judicial discretion should be exercised "in the light of all the facts and circumstances in the case." *See State ex rel. Danforth v. W.E. Constr. Co.,* 552 S.W.2d 72, 73 (Mo.App.1977).

### V. Conclusion

■ In this case, the State proffered the testimony of two Missouri consumers from which the trial court was able to conclude, "two Missouri consumers were harmed by the use of [d]efendant Brown's unlawful merchandising practices ... [in the amount] of $22,650." The trial court imposed an injunction and awarded the State $15,000 in prosecution costs and $2,000 in penalties but did not order restitution.

Whether the trial court abused its discretion in refusing to amend its original judgment to compel Mr. Brown to make restitution to the two consumers whom the court specifically found to have suffered monetary loss is not determinable, however, because the record on appeal is incom-

plete. The State did not file a transcript of the proceedings in the trial court. While a review of the trial court's order reveals that the State proffered the testimony of two Missouri consumers from which the trial court was able to conclude, "two Missouri consumers were harmed by the use of [d]efendant Brown's unlawful merchandising practices ... [in the amount] of $22,650," the order does not include the names of the two consumers. Neither the court's order nor the remaining record on appeal discloses their names or whether they had received compensation for their losses because a transcript was never filed with this appeal. Even though the State's "Motion to Amend or Modify the Judgment" specifically identifies the people as "the two testifying consumers" that the court found had lost a total of $22,650, and even though the motion represents that "neither received ... refund ... [for] the amounts [each] paid," the State's motion is not a substitute for the "record proof" in the transcript of the proceedings. *See Empire Gas Corp. v. Randolph*, 552 S.W.2d 82, 83 (Mo.App. 1977).

Having found that the record of the proceedings in the trial court filed on appeal does not provide sufficient evidence that the trial court abused its discretion, the judgment of the trial court is affirmed.

HARDWICK, P.J. and HANNA, S.J., concur.