NO. 07-06-0032-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 25, 2006
_____

IN RE BOBBY W. WILLARD,

Relator
_____

***OPINION ON APPLICATION FOR WRIT OF MANDAMUS***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Pending before this court is the application of Bobby W. Willard for a writ of mandamus. He requests that we order the Honorable Bradley S. Underwood, district judge, to "conduct[] a Hearing or Appoint[] Counsel in His DNA proceeding with attention to the previous Perjury committed in the initial DNA Proceeding." We deny the application for the reasons which follow.

First, rules of procedure obligate one seeking mandamus relief to accompany his petition with an appendix. TEX. R. APP. P. 52.3(j). The latter must include, among other things, a certified or sworn copy of the document showing the matter complained of. This Willard failed to do. Here, the document showing the matter complained of would be the motion for DNA testing or to appoint counsel. It did not accompany, either separately or within an appendix, the petition for mandamus relief. And, that Willard may be acting *pro*

*se* does not relieve him of complying with the rules of procedure. *Holt v. F.F. Enters.*, 990 S.W.2d 756, 759 (Tex. App.–Amarillo 1998, pet. denied).

Next, nothing of record indicates that the motion purportedly filed below was brought to the attention of the district court. Simply put, before mandamus relief may issue, the petitioner must establish that the district court 1) had a legal duty to perform a non-discretionary act, 2) was asked to perform the act, and 3) failed or refused to do it. *O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding). Given this, it is encumbent upon Willard to illustrate that the district court received and was aware of his motion.[1] This is so because a court cannot be faulted for doing nothing when it is or was unaware of the need to act. Here, the record simply indicates that Willard's motion was mailed to the district clerk. Whether the trial court was ever made aware of it is unknown. Lacking that information, we cannot simply assume that the district court knew of its duty to act and neglected to perform it. Thus, Willard has not fulfilled his burden to illustrate that the trial court refused to act.

Next, and assuming *arguendo* that a pleading is brought to the attention of a district court, the latter has a duty to consider and act upon it. *In re Bates*, 65 S.W.3d 133, 134-35 (Tex. App.–Amarillo 2001, orig. proceeding); *In re Ramirez*, 994 S.W.2d 682, 683 (Tex. App.–San Antonio 1998, orig. proceeding). This is so because the task of considering it is ministerial. *In re Bates*, 65 S.W.3d at 134-35; *Safety- Kleen Corp. v. Garcia*, 945 S.W.2d

---

[1]Filing something with the district clerk does not mean the trial court knows of it. Nor is that clerk's knowledge imputed to the trial court. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). Thus, Willard must prove that the trial court received notice of the pleading. *Id.* Merely alleging that something was filed with or mailed to the district clerk does not satisfy that requirement. *Id*.

268, 269 (Tex. App.–San Antonio 1997, orig. proceeding), *quoting O'Donniley v. Golden*, 860 S.W.2d at 269-70. However, the court has a reasonable time within which to act. *In re Bates*, 65 S.W.3d at 135. And, whether that period lapsed is dependent upon the circumstances of each case. *Id.* In other words, no bright line demarcates the boundaries of a reasonable time period. *Id.* Many indicia are influential, not the least of which are the trial court's actual knowledge of the motion, its overt refusal to act on same, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first. *Id.* So too must the trial court's inherent power to control its own docket be included in the mix. *In re Bates*, 65 S.W.3d at 135; *see Ho v. University of Texas at Arlington*, 984 S. W.2d 672, 694-695 (Tex. App.–Amarillo 1998, pet. denied) (holding that a court has the inherent authority to control its own docket). Since that power is discretionary, *Hoggett v. Brown*, 971 S.W.2d 472, 495 (Tex. App.–Houston [14th Dist.] 1997, pet. denied), we must be wary of interfering with its exercise without legitimate basis. And, since the party requesting mandamus relief has the burden to provide us with a record sufficient to establish his right to same, *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); *In re Bates*, 65 S.W.3d at 135, Willard had the obligation to provide us with a record establishing that a properly filed motion has awaited disposition for an unreasonable length of time. He has not done that.

The record before us merely illustrates that Willard mailed his motion to the clerk in October of 2005. Yet, no other evidence purporting to touch upon the indicia discussed in the preceding paragraph appears of record. And, because we do not hold that the district court's failure to act upon a motion about which it may have no knowledge constitutes unreasonable delay *per se*, Willard again has not satisfied his burden of proof.

Accordingly, the application for writ of mandamus pending before this court is denied.

Brian Quinn
Chief Justice