

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-08-00219-CR

_____

IN RE:
MICHAEL HOLMES

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

On July 11, 1994, Michael Holmes was sentenced by the Fifth Judicial District Court of Cass County to serve a fifteen-year jail term. Holmes claims the trial court awarded him 152 days for jail time already served. By petition for writ of mandamus, Holmes complains of an alleged failure to rule on his motion to "Recind [sic] Petitioner's Judgment and Sentence," filed with the trial court June 10, 2008. The substance of the motion supposedly requested that Cass County "recind [sic]" his judgment to the Texas Department of Criminal Justice–Correctional Institutions Division so that it could properly calculate his release date based on the award of "152 days jail time." Because Holmes has not waited for the trial court to rule and has not provided this Court with a copy of the motion or record below demonstrating entitlement to a writ of mandamus, his petition is denied.

Mandamus is an extraordinary remedy that issues only to correct a clear abuse of discretion or violation of a duty imposed by law when no other adequate remedy by law is available. *State v. Walker*, 679 S.W.2d 484, 485 (Tex. 1984). Due to the nature of this remedy, it is Holmes' burden to properly request and show entitlement to the mandamus relief. *See generally Johnson v. Fourth District Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").

While mandamus may issue to compel the trial court to act on a properly filed and pending motion, a trial court must have reasonable time to rule. *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d

268, 269 (Tex. App.—San Antonio 1997, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). No bright line defines the boundaries of what may be considered reasonable. *Chavez*, 62 S.W.3d at 228. Instead, whether the court has acted within a reasonable time depends on the particular circumstances of the case and rests on a "myriad of criteria." *Id.*

The absence of a mandamus record prevents us from evaluating the circumstances of this case and, consequently, the merits of Holmes' complaints. *See* TEX. R. APP. P. 52.7; *Barnes*, 832 S.W.2d at 426. Holmes had the obligation to provide us with evidence against which we could test the reasonableness of the trial court's alleged delay. Holmes did not provide us with a record demonstrating that the motion to rescind judgment and sentence was properly filed and that he asked the trial court to hear or rule on the motion. Consequently, we cannot determine that the trial court refused to consider the matter and rule on the motion in an untimely fashion.

We deny the petition for writ of mandamus.


Josh R. Morriss, III
Chief Justice

Date Submitted: November 25, 2008
Date Decided: November 26, 2008

Do Not Publish