**ZENTEK CORPORATION, Plaintiff,**

v.

**INTERNAL REVENUE SERVICE, and Roscoe Egger, Commissioner of Internal Revenue, Defendants.**

**Civ. A. No. 83CV–6449–AA.**

United States District Court, E.D. Michigan, S.D.

Oct. 23, 1984.

David H. Raaflaub, Ann Arbor, Mich., for plaintiff.

L. Michael Wicks, Asst. U.S. Atty., Detroit, Mich., Stuart M. Fischbein, Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendants.

ORDER

JOINER, District Judge.

This case is before the court on plaintiff's motion for attorney's fees incurred in connection with this action to obtain certain documents pursuant to the Freedom of Information Act, 5 U.S.C. § 552(a). For the reasons stated herein, the motion is denied.

## FACTS

The facts as presented by the government's response to this motion, and not controverted by plaintiff, indicate that plaintiff initially filed two FOIA requests on the Internal Revenue Service, one at the Cincinnati Service Center on October 26, 1983, and one on the Detroit District Office on October 19. Both requests sought essentially all documents, including tax returns and all supporting materials, relating to plaintiff that were in the possession of those two offices.

. The Cincinnati office responded by letter dated November 4 that plaintiff should describe his request with greater specificity. By letter dated November 2, the Detroit office requested a 30-day extension of time in which to process the request, due to a backlog of similar FOIA requests. Plaintiff subsequently filed this action on November 15.

The Detroit office subsequently located documents that were responsive to plaintiff's request, and notified plaintiff by letter dated December 1 that it would forward the papers upon payment of the reproduction costs. Plaintiff paid these costs, and the I.R.S. sent the documents. The Cincinnati office forwarded a single document, plaintiff's 1982 tax return, to plaintiff on December 14.

At a status conference on this case held on January 26 of this year, plaintiff's attorney stated to the court that the Cincinnati office had not forwarded all the documents that plaintiff sought. That office subsequently located other responsive documents and forwarded them to plaintiff. Plaintiff's attorney subsequently negotiated for the disclosure of certain other documents, apparently in the possession of the Social Security Administration in Baltimore, Maryland. The parties entered into a stipulation of dismissal of this case, dated March 12. The stipulation expressly permitted the plaintiff to move for attorney's fees, as the parties were unable to reach an accord on this matter.

Plaintiff contends that it did not bring this motion until August 3 of this year, some 5½ months after the case was dismissed, because it was still seeking an amicable resolution of the issue of attorney's fees until that time. Yet plaintiff does not deny the government's contention that the last discussion that took place between counsel for the opposing parties on the attorney's fees issue occurred in April.

## DISCUSSION

In *White v. New Hampshire Department of Employment Security*, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), the Supreme Court concluded that a motion for attorney's fees brought pursuant to 42 U.S.C. § 1988 [1] did not constitute a motion to "alter or amend the judgment" and was not therefore required to be brought within 10 days of the entry of judgment. In footnote 17 of the opinion, the Court noted that "the district courts would be free to adopt local rules establishing standards for timely filing of requests for costs, even if attorney's fees were so treated."

Pursuant to this invitation, this court adopted Local Rule 17(*l*), which provides as follows:

1. Application for Attorney Fees

Except as otherwise provided by statute or by order of the Court, an application for attorney fees by a prevailing party together with a supporting memorandum shall be filed within 30 days after the entry of judgment. Failure to file the application within the time specified shall be considered a waiver of the right to attorney fees.

The rule, by its terms, applies to any application for attorney's fees, except as otherwise provided by statute or by order of the Court.

---

**1.** That statute provides in pertinent part as follows:

In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–

318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

The request for attorney's fees in this case is brought pursuant to 5 U.S.C. § 552(a)(4)(E), which provides as follows:

> The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

The Freedom of Information Act does not establish time limits in which motions for attorney's fees brought under § 552(a)(4)(E) must be brought, so there is no statute that would otherwise circumscribe the operation of Local Rule 17(*l*) in this case.

The court concludes that Local Rule 17(*l*) is fully applicable to a request for attorney's fees brought under the FOIA. Although the recovery of attorney's fees may be an important incentive to the bringing of FOIA enforcement actions by private plaintiffs, the availability of such fees is deserving of no greater solicitude than of those incurred in bringing an action for the vindication of federal civil rights. Because Local Rule 17(*l*) clearly applies to motions brought under 42 U.S.C. § 1988, the court concludes that it should apply to those brought pursuant to 5 U.S.C. § 552(a)(4)(E) as well.

In this case, plaintiff failed to bring this motion within 30 days of the entry of judgment. Even if the court were willing to toll the running of Local Rule 17(*l*) while an FOIA plaintiff made a good-faith effort to reach an amicable settlement of the attorney's fee issue, such negotiations ended in this case more than one hundred days prior to the bringing of this motion. For the foregoing reasons, the motion is untimely under the Local Rule, and is denied for that reason.

SO ORDERED.