OPINION OF THE COURT
Peter P. Cusick, J.
Before the court is a motion, under separate calendar *794 numbers, for an order awarding attorneys’ fees in the amount of $303,286.70 pursuant to 42 USC § 1988.
The parties have stipulated that the court first decide whether petitioners are entitled to any award of counsel fees, as a matter of law. If so, then the court will determine the amount of the fees to be awarded, by hearing or otherwise.
42 USC § 1988 Ob) provides: "In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318 [20 U.S.C.A. § 1681 et seq.], the Religious Freedom Restoration Act of 1993 [42 U.S.C.A. § 2000bb et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000d et seq.], or section 13981 of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney’s fee as part of the costs.”
It is fair to say that plaintiffs/petitioners are prevailing parties as contemplated by statute, since they were ultimately successful in their claims that the respondents’ condom distribution programs violated their constitutional due process rights, and their liberty interest, in raising their children as they see fit. (Matter of Alfonso v Fernandez, 195 AD2d 46 [2d Dept], lv dismissed 83 NY2d 906.) A party need not specifically label claims of violations of Federal constitutional rights as a section 1983 action (Matter of Thomasel v Perales, 78 NY2d 561, 568). There is a presumption that a prevailing party is entitled to attorneys’ fees, since they should ordinarily be recovered unless there are special circumstances which would render such an award unjust. (Hensley v Eckerhart, 461 US -424, 429.)
There is no need to discuss further the question as to whether attorneys’ fees are awardable. The only real opposition raised by respondents is their claim that this application is time barred. Judgment in this action, granting the relief sought by petitioners, was entered by this court pursuant to the direction of the Appellate Division, Second Department, on February 14, 1994, the first day petitioners’ claim under section 1988 arose. This application was made on March 22, 1995, some 13 months later.[1] It is this lateness issue which the court will now address.
Section 1988 contains no time limitation for the bringing of an application for attorneys’ fees; it only provides that the *795 court, "in its discretion”, may allow the fees. The United States Supreme Court in White v New Hampshire Dept. of Empl. Sec. (455 US 445, 454), in construing this language, concluded: "We believe that this discretion will support a denial of fees in cases in which a postjudgment motion unfairly surprises or prejudices the affected party. Moreover, the district courts remain free to adopt local rules establishing timeliness standards for the filing of claims for attorney’s fees.”[2] The court observed, at footnote 16, that "[a]s different jurisdictions have established different procedures for the filing of fee applications, there may be valid local reasons for establishing different time limits”. Thus, there is no uniform time period for these applications; local law or practice may prevail.
There is no question but that this court, as a State court, must apply Federal law and policy in any action where rights or claims brought under Federal law are involved. The Supremacy Clause of the United States Constitution mandates this. (Maine v Thiboutot, 448 US 1.) In deciding that petitioners are entitled to attorneys’ fees under section 1988, the court is enforcing the Federal policy. However, what remains to be addressed is whether any time limitation to be applied is definable under Federal law or State law.
A starting point in this analysis appears to begin with subdivision (a) of section 1988, which provides, in pertinent part:
"(a) Applicability of statutory and common law
"The jurisdiction in civil and criminal matters conferred on the [Federal] district courts * * * for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United *796 States, shall be extended to and govern the said courts in the trial and disposition of the cause”[3] (emphasis added).
As indicated, section 1988 does not provide for a time limitation on the making of such application. However, there is a body of Federal case law which, in the final analysis, seems to approach each application sui generis. (White v New Hampshire Dept. of Empl. Sec., supra, at 454 [denial of fees appropriate where postjudgment motion "unfairly surprises or prejudices the aifected party”]; Baird v Bellotti, 724 F2d 1032, cert denied 467 US 1227 [eight-month delay unreasonable but not prejudicial; 30-month delay prejudicial]; Perry v O’Donnell, 759 F2d 702 [eight-month delay found reasonable]; Inmates of Alleghany County Jail v Pierce, 716 F2d 177 [five months after trial and six months after hearing was not an abuse of discretion]; Masalosalo ex rel. Masalosalo v Stonewall Ins. Co., 718 F2d 955 [101-day delay permitted]; McQuiston v Marsh, 707 F2d 1082 [three-month delay permitted]; Gary v Spires, 634 F2d 772 ["deferment of a demand for fees until after the expiration of the appeal period was unjustified”]; Robinett v City of Lincoln, 1988 WL 59643 [three months after appeal process ends excessive].)
Some Federal District Courts and Circuit Courts have adopted rules setting time limitations for applying for attorneys’ fees under section 1988 (b) and other comparable statutes (see, e.g., Gen Rules, US Dist Ct, NJ rule 12). A 30-day rule has been proposed in the Eastern District, wherein this court sits.[4]
When Federal claims are brought in a State court, however, State procedures ordinarily control (Brown v Western Ry., 338 US 294; Minneapolis & St. Louis R. R. Co. v Bombolis, 241 US 211; Urban League of Greater New Brunswick v Mayor & Council of Borough of Carteret, 115 NJ 536, 559 A2d 1369, 1378). Thus, the right to recover attorneys’ fees is governed by Federal law, but the procedures utilized to recover them are governed by the procedural law of the forum in which the Federal claims are prosecuted, unless they impose unnecessary burdens on rights of recovery authorized by Federal law (Brown *797 v Western Ry., supra, at 298), or unless the local practice would prevent uniform application of a Federal statute (Teamsters Local v Lucas Flour Co., 369 US 95).
In situations where a local District Court rule has been adopted, the Federal courts have tended to adhere to them and denied applications made beyond the prescribed period, even when the delay was otherwise insubstantial (see, Pitts v Freeman, 755 F2d 897; Zentek Corp. v Internal Revenue Serv., 596 F Supp 324). The same is true when the Federal Rules of Civil Procedure, the counterpart to the CPLR, are applied (see, Day v Radnor Twp. School Dist., 1994 WL 683375 [ED Pa]; Hairston Motor Co. v Northland Ins. Co., 1994 LEXIS 15625 [WD Va]; Sullivan v Guilarte, 1994 LEXIS 1867 [ND Ill]). In the absence of such a rule, the criteria established in White (supra), and Federal cases that have applied it, ordinarily govern.
In State court proceedings, there is even a less consistent approach to this time limitation issue. For example, the Kansas Supreme Court adopted the rule that motions for attorneys’ fees under section 1988 must be filed no later than 30 days after entry of judgment, in the absence of any comparable State statute. (Gumbhir v Kansas State Bd. of Pharmacy, 231 Kan 507, 646 P2d 1078, cert denied 459 US 1103.) The Supreme Judicial Court of Massachusetts held that the timeliness of such a petition is governed by the Massachusetts Rules of Civil Procedure (Society of Jesus v Boston Landmarks Commn., 411 Mass 754, 585 NE2d 326, citing Draper v Town Clerk of Greenfield, 384 Mass 444, 425 NE2d 333, cert denied 456 US 947). However, there was no specific Massachusetts procedural rule regarding the timely filing of an application for attorneys’ fees, and, consequently, the court in the Society of Jesus case concluded that the timeliness issue to be within the discretion of the court.
Unlike these situations, New York does have a comparable statute regulating the timeliness of applications for attorneys’ fees. CPLR 8601 provides in pertinent part:
"(a) * * * a court shall award to a prevailing party, other than the state, fees and other expenses incurred by such party in any civil action brought against the state, unless the court finds that the position of the state was substantially justified or that special circumstances make an award unjust * * *
"(b) * * * A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application [for attorneys’ fees]”. The "state” means the State or any of its agencies or any of its officials acting in his or her official capacity (CPLR 8602 [g]).
*798 Though the language of the statute is much broader than that of section 1988 to the extent that it applies to actions in any civil litigation, it certainly can and does include actions brought to enforce one’s civil rights, or to remedy a violation thereof, against the State. In fact, it was modeled after 28 USC § 2412 (d), the Federal Equal Access to Justice Act, which provides for an award of attorneys’ fees to a prevailing party against the United States. CPLR 8601 is also akin to Federal Rules of Civil Procedure, rule 54 (d) (2) (B), which provides that an application for attorneys’ fees must be filed and served no later than 14 days after entry of judgment.
The counterpart State statute providing for a time limitation for bringing attorneys’ fees applications need not be identical to a Federal law or rule; it need only be "closely analogous” (North Star Steel Co. v Thomas, 515 US —, —, 115 S Ct 1927, 1930; Reed v United Transp. Union, 488 US 319, 323). Many Federal local rules of practice, for example, provide for time limitations to commence proceedings for an award of attorneys’ fees in general, without regard to whether they relate to civil or constitutional rights violations under section 1983 or like statutes. Such rules have been applied to deny attorneys’ fees if not complied with (see, e.g., Quick v Peoples Bank, 993 F2d 793, 799; Jackson v Beard, 828 F2d 1077; Zentek Corp. v Internal Revenue Serv., 596 F Supp 324; Clark v Housing Auth., 971 F2d 723; Ortega v Geelhaar, 914 F2d 495).
For these reasons, the court must conclude that the invitation to the District Courts by the United States Supreme Court in White (supra) to adopt local rules establishing time frames for the filing of claims for attorneys’ fees in section 1983 cases, contemplates, encompasses, and includes State law or rules when such claims are, as here, prosecuted in State courts. CPLR 8601 (b) is sufficiently analogous to any Federal court rule of practice, so that it can provide a definitive time limitation for such requests.
The application of such a State time limitation does not "impose [an] unnecessary burden * * * upon rights of recovery authorized” by section 1988 (b) (Brown v Western Ry., 338 US, supra, at 298), any more than any Federal District Court rule envisioned by the Supreme Court in White (455 US 445, supra). "Congress did not provide a statute of limitations for seeking an award of attorney’s fees and costs under 18 U.S.C. § 1964 (c) [a comparable attorney’s fee statute]. We do not believe that Congress intended for courts to be forced to accept petitions for attorney’s fees indefinitely, but rather that some reasonable *799 time limitation be imposed. 'It is the usual rule that when Congress has failed to provide a statute of limitations for a federal cause of action, a court "borrows” or "absorbs” the local time limitation most analogous to the case at hand’. Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson [501 U.S. 350, 355] * * * Because the time limitation is reasonable and does not substantively affect [the plaintiff’s] rights under 18 U.S.C. § 1964 (c) [the local District Court rule] does not create a conflict with the enabling statute”. (Quick v Peoples Bank, supra, at 799.)
The application for attorneys’ fees under 42 USC § 1988 is denied for the reasons stated.

. Calculating from the day from which the Court of Appeals denied leave to appeal, on May 3, 1994, this application was made 10 months later.

. See also, Obin v District No. 9 of Intl. Assn., 651 F2d 574, 583, suggesting a uniform District Court rule of 21 days.

. This language appears to reflect the notion that a claim for attorneys’ fees, at least under Federal statutes and policy, is a collateral and independent claim, rather than a claim ancillary to the primary cause. (See, Obin v District No. 9 of Intl. Assn., supra, at 584.)

. Civil Justice Expense and Delay Reduction Plan, § V (B), adopted Dec. 17,1991 (reprinted in 1995 McKinney’s NY Rules of Ct, Civ Rules of Southern and Eastern Dists of NY, Appendix E).